# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEBI SANT and DAVID SANT,

        Plaintiffs,

vs.                                      No. 2:21-CV-00251-WJ-SMV

LIBERTY MUTUAL INSURANCE COMPANY
and PEERLESS INDEMNITY INSURANCE COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEBI SANT'S MOTION TO REMAND AND REQUEST FOR COSTS AND FEES

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand to State Court and for Attorney's Fees (**Doc. 6**),[1] filed on April 14, 2021 (the "Motion"). Plaintiffs argue, in relevant part, that Defendants' March 22, 2021 removal was untimely because the Notice of Removal was filed more than thirty days after Defendants were put on notice that federal diversity jurisdiction exists in this case. The Court, having considered the pleadings, the parties' arguments and the applicable law, finds that the Motion is well-taken and, therefore, is GRANTED. Further, pursuant to 28 U.S.C. § 1447(c), the Court GRANTS Plaintiffs request that they be awarded costs and fees incurred as a result of the removal.

## Background

The Court's ruling on the Motion depends on a finding as to when Defendants received notice that Plaintiffs had brought a claim removable under diversity jurisdiction, which requires complete diversity of the parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C.

---

[1]     Plaintiff David Sant's April 28, 2021 filing at Doc. 12, styled as a response in support of Plaintiff Debi Sant's motion, is better viewed as a joinder to or concurrence in the relief requested in Plaintiff Debi Sant's motion.

1

§ 1332. It is undisputed that the parties in this case meet the diversity requirement. The only question for the Court is whether Defendants filed their Notice of Removal within thirty days of being put on notice that Plaintiffs sought more than $75,000 in recovery. *See* 28 U.S.C. § 1446.

Plaintiffs Debi Sant and David Sant have brought a lawsuit against Defendants Peerless Indemnity Insurance Company ("Peerless") and Liberty Mutual Insurance Company ("Liberty Mutual")[2] (together, "Defendants"). This case arises out of an August 29, 2014 automobile accident involving Plaintiff Debi Sant and an underinsured driver. Defendant Peerless Indemnity Insurance Company ("Peerless") insured Ms. Sant (d/b/a Quality Janitorial) under a commercial automobile policy of insurance (the "Policy"), which Defendants contend provided $1,000,000 in liability coverage and $1,000,000 in uninsured/underinsured motorist ("UM/UIM") coverage per accident. Plaintiffs disagree with Defendants' assessment of the Policy's scope of coverage.

On May 15, 2020, after consenting to a $50,000 settlement with the uninsured tortfeasor, Plaintiffs initiated this lawsuit in the Fifth Judicial District Court, County of Chaves, State of New Mexico (Cause No. 504-CV-2020-00398) by filing a Complaint for Underinsured Motorist Coverage Benefits. *See* Doc. 1-1 at 4–7. On June 2, 2020,[3] prior to Defendants appearing in this case, Plaintiffs filed their First Amended Complaint (the "FAC," Doc. 1-1 at 8–11), which alleged in relevant part: (a) the parties had agreed to arbitrate the UIM motorist claims (FAC ¶ 6); (b) Defendants had made a partial payment of $196,698.97 insurance benefits to Plaintiffs (FAC ¶ 8); (c) Defendants "have failed to pay all policy benefits owed" (FAC ¶ 12); and (d) the state district court should retain jurisdiction in order to "determine damages, costs, interest, and attorneys fees

---

[2] Defendants assert that Liberty Mutual is not a proper party to this lawsuit because the entity that issued the subject policy is Peerless. For purposes of this Memorandum Opinion and Order, the Court will assume that Liberty Mutual is a proper defendant in this case.

[3] There is a slight discrepancy as to the date the FAC was filed. The Motion states that the FAC was filed on June 1, 2020 but the Clerk of Court's filing stamp reads "6/2/2020 10:05 AM." Doc. 1-1 at 8. The Court will use the date contained in the Clerk of Court's filing stamp.

for Plaintiffs" in the event that "Defendants engage in improper claims handling of the underinsured motorists, property damage, or medical payments coverage" (FAC ¶ 14). The FAC concludes by requesting judgment against Defendants "for all appropriate damages" including compensatory and punitive damages and "for confirmation of the anticipated arbitration award and for costs of suit." FAC at 11. A copy of the FAC was served on Liberty Mutual on May 29, 2020. Doc. 1-1 at 12. On June 8, 2020, Defendants entered their appearance and filed a jury demand. *Id.* at 13–16. The next day, Defendants filed their Answer to the FAC, *Id.* at 17–21.

The case then proceeded to arbitration and an August 27, 2020 arbitration decision awarded Plaintiffs $2,250,000. On August 31, 2020, Defendants attempted to tender $753,301.03, which breaks down to the $1,000,000 purported benefits limit under the Policy minus the $50,000 settlement with the tortfeasor and Defendants' earlier payment of $196,698.97. *See* Doc. 6, Ex. 1. In a September 3, 2020 email, Plaintiffs refused to accept the tendered check as payment in full and demanded that Defendants make a "full and complete payment of the award." *Id.*

On September 3, 2020, Plaintiffs filed a motion to confirm the arbitration award, which sought confirmation from the state district court of the $2,250,000 award and a determination of Plaintiffs' fees and costs. Doc. 1-1 at 160–61. Defendants responded on September 21, 2020 and argued that Plaintiffs were limited in their recovery to the $1,000,000 limit in the Policy and offsets. *Id.* at 174–79. Plaintiffs' reply in support argued that the Policy was not limited to $1,000,000 in UM/UIM benefits, but that additional limits were available by accessing the Policy's umbrella coverage and by stacking the UM/UIM limits of all seventeen of Plaintiffs' vehicles insured by the Policy. *Id.* at 216–21. Parallel to the motion to confirm was Defendants' motion to vacate the arbitration award, filed on September 21, 2020. *Id.* at 184–203. In responding to this motion, Plaintiffs made the same argument concerning umbrella coverage and stacking. Doc. 1-2

3

at 8–20.

Plaintiffs further developed their stacking rejection claims in subsequent briefing and moved to file a Supplemental Amended Complaint (the "SAC") in state court. *See* Doc. 1-7 at 91–115; Doc. 1-8 at 1–42; Doc. 1-9 at 1–12, 13. Plaintiffs filed their SAC on March 16, 2021, in which they assert claims for Breach of Insurance Contract and Fiduciary Duty (Count I), Unfair and/or Deceptive Trade Practice (Count II), Unfair Insurance Claims Practices Act (Count III), and Bad Faith Insurance Conduct (Count IV). Doc. 1-9 at 626–39. The SAC seeks the balance of the arbitration award in the amount of $1,250,000 (the $2,250,000 award minus the $1,000,000 in total UIM coverage already paid) and additional policy coverages in the amount of $3,000,000 under the umbrella policy and/or $17,000,000 in stacked coverage. *Id.* The state court set a hearing on all pending motions for March 31, 2021, *see* Doc. 1-7 at 91–92, which was ultimately vacated due to Defendants' March 22, 2021 removal to federal court.

Defendants' Notice of Removal alleges federal jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), (b)(3). Doc. 1-1. In their Notice of Removal and the Response brief to the Motion, Defendants argue that they were unable to remove the FAC within thirty days of its service because the FAC alleged that Plaintiffs and Defendants agreed to arbitrate the UIM claim and Plaintiffs did not make any other allegations against Defendants other than a vague contingent claim for bad faith. *See* Docs. 1-1 ¶¶ 8–13; Doc. 16 at 2–3; FAC ¶ 14. Defendants contend that, in contrast to the FAC, the SAC is the first filing to set forth allegations outside the scope of the demand for arbitration and seeks damages in excess of the $75,000 jurisdictional amount. Thus, according to Defendants, removing the case on March 22, 2021, approximately one week after Plaintiffs filed the SAC, was timely under the statute.

Plaintiffs contest the timeliness of the Notice of Removal by laying out three distinct dates

or periods,[4] all which occurred more than thirty days prior to the March 22, 2021 date of removal, on or in which Defendants would have been put on notice that the jurisdictional amount had been met. First, Plaintiffs argue that the relevant initial pleading in this case, the FAC, pleads a removable claim, and thus the removal period started on June 2, 2020. Second, Plaintiffs argue that correspondence between their counsel and Defense counsel, spanning from July to September of 2020, gave Defendants sufficient notice that the amount in controversy was well in excess of the statutory floor. Finally, Plaintiffs argue that the litigation pertaining to their motion to confirm the arbitration award and Defendants' corresponding motion to vacate the arbitration award unequivocally place Defendants on notice that Plaintiffs were asserting a claim tethered to an amount in controversy in excess of $75,000. Plaintiffs further argue that, in addition to filing an untimely Notice of Removal, Defendants waived their right to seek removal by engaging in substantial litigation of the case in state court. However, the Court will not consider Plaintiffs' waiver argument and will instead focus solely on whether Defendants' removal met the post-notice deadline for removal.

**Legal Standard**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to federal district court. *See* 28 U.S.C. § 1441(a). There is a presumption against the exercise of removal jurisdiction, *see Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.), Inc.*, 965 F.3d 792, 814 (10th Cir. 2020), and federal courts will construe the removal statute narrowly and resolve all doubts against removal. *Romero v. State Farm Mut. Auto. Ins. Co.*, No. 1:19-CV-1179 WJ/JHR,

---

[4] Plaintiff David Sant's Response in Support discusses correspondence from 2015 and 2016 which tends to show that Defendants knew at the time that the amount in controversy *would* be greater than $75,000 if a lawsuit were filed. However, this evidence of the possible amount in controversy of a then-hypothetical claim is not germane to the jurisdictional question now before the Court.

2020 WL 1078730, at *1 (D.N.M. Mar. 6, 2020); *see also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.").

As relevant to this case, removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1446(c). Here, as discussed in the prior section, there is no dispute that both of these requirements have been met.

The viability of this action proceeding in federal court hinges on the removal procedure. A notice of removal must be filed within thirty days of the defendant receiving the initial pleading setting forth the removable claim. 28 U.S.C. § 1446(b)(1). However, certain cases may become removable at a later point in litigation. Thus, § 1446 also provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The thirty-day removal period does not begin until the defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F. 2d 480, 489 (10th Cir. 1979)). The failure to comply with the express statutory requirements for removal under § 1446 may render the removal defective and require remand. *See Huffman*, 194 F.3d at 1077.

**Discussion**

I. **Remand is Appropriate Because Defendants' Notice of Removal was Untimely Filed**

First, the Court rejects Defendants argument that the removability of a claim must be apparent on the face of an initial pleading. *See* Doc. 16. This argument is not congruent with the statue, which clearly allows for removal upon subsequent filings revealing that the jurisdictional amount on a claim has been satisfied. 28 U.S.C. § 1446. Second, the Court will not consider correspondence between the parties in its inquiry. Plaintiffs cite to the Tenth Circuit, *McPhail v. Deere & Co.*, 529 F.3d at 957 (10th Cir. 2008), and a decision from this district, *Viola v. Home Depot U.S.A., Inc.*, No. Civ. 13-1004-LH-SCY, 2014 WL 12593995 at *3 (D.N.M. Sept. 8, 2014), to support their contention that correspondence containing demands in excess of the jurisdictional limit can constitute "other paper" for the purposes of § 1446(b)(3). *See* Doc. 6 at 11. Defendants counter that this correspondence merely establishes that Plaintiffs intended to assert a removable claim in the future, with the FAC claims remaining contingent until Plaintiffs amended their complaint in March of 2021. Doc. 16 at 9. In light of the posture of this case, the Court finds it unnecessary to address what effect the identified correspondence has on the timeliness of Defendants' removal. Instead, the Court will examine the FAC and the parties' post arbitration motions practice. Specifically, the Court will address whether the litigation from the fall of 2020 put Defendants on notice that the FAC demanded recovery in excess of $75,000.

The Court finds that the FAC is not, as Defendants imply, limited to a mere demand for arbitration. The title of the pleading, "First Amended Complaint for Underinsured Motorist Coverage Benefits," makes clear that the FAC contains a claim. That said, the FAC does not unequivocally plead a demand for recovery in excess of $75,000. Upon review, the Court notes the following facial allegations as relevant to this inquiry:

- Defendants "have failed to pay all policy benefits owed" to Plaintiffs. FAC ¶ 12.

- Plaintiffs are entitled to recover both compensatory and punitive damages from Defendants in the amounts they would have been entitled to recover from the negligence and fault of [the tortfeasors] less the amount of the settlement with [the tortfeasors]. *Id.* ¶ 13.

- Should Defendants engage in improper claims handling of the underinsured motorists, property damage, or medical payments coverage, the Court should determine damages, costs interest, and attorney's fees for Plaintiffs to be paid by Defendants. *Id.* ¶ 14.

The prayer for relief does not reveal any concrete demands, only that "Plaintiffs Sant request judgment against Defendant Liberty Mutual and Defendant Peerless for all appropriate damages including but not limited to just compensation and punitive damages . . . ." FAC at 4 (Doc. 1-1 at 11). Thus, it is readily apparent that contents of the FAC do not meet the well-established standard of "clear and unequivocal" notice of removability. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); *see also DeBry*, 601 F.2d at 489 (holding that "if the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design."). The Tenth Circuit has specifically disagreed with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove <u>may</u> exist." *Akin*, 156 F.3d at 1036 (emphasis in original). Plaintiffs' citation to a footnote from *Paros Props. LLC v. Colo. Cas. Ins. Co.* for the proposition that amount at issue "may be easily derived through arithmetic" is not persuasive. 835 F.3d 1264, 1269 n.4 (10th Cir. 2016). In *Paros Props*, the Tenth Circuit reaffirms the stringent standard set forth in *Akin*, and the cited-to footnote merely gives an example in which a simple equation would produce an unambiguous recovery sum. *Id.* ("For example, if a class-action complaint seeks $25,000 for each of 500 plaintiffs, it alleges damages of $12.5 million. But the amount must be unambiguous."). Here, the Court can easily determine from the FAC that $753,301.03 *could* be the amount in controversy, but this conclusion is not clear and unequivocal. Rather, the recovery sought in the FAC is

"compensatory and punitive damages" minus the $50,000 settlement payment by the tortfeasors and $196,000 already paid by Defendants. This creates a scenario not comparable to the example given in the *Paros Props.* footnote; here the initial demand for "compensatory and punitive damages" could be plugged into an equation that generates recovery below the jurisdictional requirement.

However, as the state court found in its Order Compelling Arbitration, the 2020 Complaints contain claims "contingent" on the outcome of the arbitration proceedings. *See* Doc. 1-1 at 65 ("Plaintiffs filed a Complaint and Amended Complaint that set forth contingent claims prior to arbitration."). As detailed above, approximately two months after the FAC was filed, the arbitration proceedings resulted in a $2,250,000 award. Plaintiffs then moved to confirm the award, stating:

> The issues jointly submitted to the panel were the amounts of compensatory and punitive damages caused by the impaired/reckless driving of an underinsured motorist from the automobile crash on Interstate 25. The amount of Plaintiffs Sants' damages awarded from the arbitration proceedings are $2,250,000 (two million two hundred and fifty thousand dollars).

Doc. 1-1 at 160. Thus, Plaintiffs' motion to confirm the arbitration award, filed on September 3, 2020, gives Defendants notice of an unequivocal demand for "compensatory and punitive damages" that is well in excess of $75,000. *Id*.; *see also* Doc. 16 at 3 ("The Award consisted of $1,900,000 in compensatory damages to Ms. Sant, $250,000 in loss of consortium damage to Mr. Sant and $100,000 in punitive damages."). Defendants issued Plaintiffs a check in the amount of $753,301.03 on or about August 31, 2020, asserting satisfaction of the arbitration award in light of the Policy's purported $1,000,000 coverage ceiling. The SAC reveals that Plaintiffs accepted Defendants' $753,301.03 as a partial payment, SAC ¶ 13, which combined with the earlier payment of $196,698.97 and the $50,000 settlement with the tortfeasor adds up to $1,000,000.

9

Simple arithmetic, irrespective of the propriety of the umbrella coverage and stacking arguments, shows that Plaintiffs sought, at minimum, $1,250,000[5] on September 3, 2020. It was at this point that Defendants were put on notice, through service of a motion, that the FAC's demand for compensatory and punitive damages had rendered removable Plaintiffs' claim for underinsured motorist coverage benefits. Whether allegations of applicable umbrella coverage or policy stacking gave life to Plaintiffs' demand is irrelevant to the Court's determination that the September 3, 2020 demand for recovery in excess of $75,000 was clear and unequivocal. Thus, the Court finds that the March 22, 2021 Notice of Removal was untimely filed and remand of this case back to the Fifth Judicial District Court is warranted.

The SAC, in particular the Bad Faith claim found in Count Four, contains a more developed demand for payment of the Policy's benefits and arbitration award. However, despite the enhanced clarity of this filing, the SAC cannot be considered the first filing by which Defendants received notice that the jurisdictional amount is at play in this case.

## II.     Plaintiffs Are Entitled to Costs and Attorney's Fees

"[T]he standard for awarding fees should turn on the reasonableness of the removal." *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* In the case at bar, Plaintiffs, and in particular David Sant's Response in Support, argue that there was never any question that the amount in controversy was well above $75,000. While the Court does not fully agree with that position, it

---

[5]     Although not dispositive, the record does not clearly articulate whether $50,000 obtained from settlement with the tortfeasor would be credited as partial payment of the arbitration award.

does find that, after the thirty-day period triggered on September 3, 2020, Defendants lacked an objectively reasonably basis for removing this case to federal court on March 22, 2021, almost six months after the deadline for removal had passed. Accordingly, the Court will award Plaintiffs their requested costs and fees.

**Conclusion**

**THEREFORE,** for the reasons described in this Memorandum Opinion and Order, the Court hereby GRANTS the Motion to Remand and Plaintiffs' request for an award of cost and fees related to the removal.

**FURTHERMORE**, it is ORDERED that this action is REMANDED to the Fifth Judicial District Court, County of Chaves, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate this remand.

**FURTHERMORE,** it is ORDERED that in connection with the award of costs and fees, Plaintiffs shall file with the Court a short, itemized request for costs and fees associated with the removal of this case, with supporting affidavits and time records, **within fourteen (14) days** of the issuance of this Order. Defendants have the opportunity to respond **within fourteen (14) days** after the filing of Plaintiffs' submission.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE