# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEBI SANT and DAVID SANT,

       Plaintiffs,

vs.                                                       No. 2:21-CV-00251-WJ-SMV

LIBERTY MUTUAL INSURANCE COMPANY
and PEERLESS INDEMNITY INSURANCE COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES

THIS MATTER comes before the Court following its Memorandum Opinion and Order Granting Debi Sant's Motion to Remand and Request for Costs and Fees[1] (Doc. 18) (the "Order"). Plaintiffs' have since submitted itemized requests totaling $55, 657.42 (Docs. 22 & 23), to which Defendants raise numerous objections (Doc. 24). Having considered the pleadings, the parties' arguments, and the applicable law, the Court finds that the motion shall be granted in part.

## BACKGROUND

In its Order filed July 16, 2021, the Court found that Defendants lacked an objectively reasonable basis for removing this case to federal court on March 22, 2021, almost six months after the deadline for removal had passed. Doc. 18 at 11. For this reason, the Court awarded Plaintiffs attorneys' fees and costs under 28 U.S.C. § 1447(c), which states that an order remanding

---

[1] The Court notes that Plaintiff Debi Sant filed the original Motion to Remand to State Court and for Attorney's Fees (Doc. 6), to which Plaintiff David Sant concurred in relief requested in his Response in Support of Debi Sant's Motion to Remand (Doc. 12). Thus, while the caption of the Court's prior order specifically grants attorneys' fees to "Debi Sant," in effect the order grants such relief to both Plaintiffs David and Debi Sant.

a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In response to the Order, Plaintiffs Debi and David Sant submitted two affidavits, Docs. 22 & 23, listing the hourly rates and total hours expended by Mr. Hunt, Ms. Thompson, and Mr. Clark in their efforts to have this case remanded back to state court. Additionally, two outside attorneys (Robert Hanson and Eugenio Mathis) were consulted and Plaintiffs are also requesting an award for their work. Consequently, Plaintiffs are requesting an award for the work performed by five lawyers in having this case remanded back to state court.  Separated by attorneys, the individual fees include: $28,754.21 (Mr. Hunt and Ms. Thompson), $11,510.91 (Mr. Clark), $9,798.98 (Mr. Mathis), and $5,593.32 (Mr. Hanson). Defendants raise numerous objections to the appropriate market rates and total number of hours detailed in the affidavits. Doc. 24. The Court now addresses those concerns.

## DISCUSSION

After a Court finds that a claimant is a "prevailing party" (here, Plaintiffs), it must then determine a reasonable "lodestar" amount to award. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). It is the prevailing plaintiff's burden in seeking attorneys' fees for successfully obtaining remand back to state court "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Ration*, 801 F.2d 1197, 1210 (10th Cir. 1986). Assuming plaintiffs meet their burden, they are entitled to a presumption that the lodestar figure is reasonable. *Anchondo v. Anderson, Crenshaw & Associates*, *LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Perdue v. Kenny A. ex rel Winn*, 130 S. Ct. 1662, 1673 (2010)). The Court arrives at the "lodestar" amount by calculating the number of attorney hours *reasonably* expended times a *reasonable* hourly rate. *Robinson*, 160 F.3d at 1281.

I. **Reasonable Hourly Rates**

When calculating reasonable attorneys' fees, courts look "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). As another court in this district previously recognized, "New Mexico is a relatively poor state, with some of the lowest hourly rates in the country." *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14–1021, 2016 WL 1730171, at *32 (D.N.M. Apr. 1, 2016). In making its determination, the Court considers the level of experience and quality of the attorney's performance—among other factors. *Perdue*, 559 U.S. at 553–54. Furthermore, a court examines evidence regarding what the market commands for a specific type of litigation. *Burch v. La Petite Academy, Inc.*, 10 Fed.Appx. 753, 755 (10th Cir. 2001).

Several cases contextualize the appropriate hourly rate in the District of New Mexico. In *Chavez v. Stomp*, the district court found that the plaintiff's attorney failed to include evidence reflecting his relevant litigation experience, leading the court to dock the requested $225 hourly rate to $210. Civ. No. 10-205, 2014 WL 12796784, at *11 (D.N.M. Feb. 27, 2014). Similarly, this Court in 2011 reduced the requested attorney's fees from $450 to $350 per hour in part based on the requesting attorney's failure to provide "evidence that the New Mexico market would normally encompass such a rate, even at its upper end . . . ." *Martinez v. Carson*, No. 08-cv-1046, 2011 WL 13261992 *4 (D.N.M. Aug. 11, 2011) (acknowledging the requesting attorney's "superb trial advocacy skills" and "status as one of New Mexico's preeminent trial lawyers."). Furthermore, the district court in *San Juan Regional Medical Center v. 21st Century Centennial* held this year that $250 and $175 hourly rates were "well within the norm in the Albuquerque area, especially for attorneys with 20-plus years of experience." Civ. No. 19-734, 2021 WL 1200675 *5 (D.N.M. Feb. 2, 2021). The Court notes, however, that the requesting attorneys in that case had a customary

hourly rate of $275–$350. *Id.* Lastly, the district court in *Pierce v. Alt. Specialty Ins. Co.* declined to award a requested rate of $500, finding $275 to be a "rate this market commands for similar services by lawyers of comparable skill." 2017 U.S. Dist. LEXIS 145641, at *8 (D.N.M. Sept. 8, 2017).

### A. Tandy Hunt

For his services, Mr. Hunt requests a market rate of $425 (for a total of $21,585.47 including gross tax receipts). Doc. 22 at 3. In support of this request, Mr. Hunt notes his tenure as a practicing attorney in New Mexico since 1970, and that "most of [his] experience and current practice involves civil litigation and trial work with substantial portions of [his] work devoted to insurance litigation." Doc. 22 at 5–6. Moreover, an affidavit signed by Marion J. Craig, III—another New Mexico licensed attorney of 45 years—states that Mr. Hunt's fees are reasonable. *Id.*, Exhibit A. Conversely, Defendants argue that Mr. Hunt's hourly fee should be reduced to no more than $300 per hour. In the alternative, if the Court does not sustain Defendants' objections to awarding fees for the hours billed by Mr. Hanson or Mr. Mathis, Defendants request that Mr. Hunt's fees be reduced to $250 per hour.

Turning to the litigation at hand, the Court underscores Mr. Hunt's excellent reputation in the District of New Mexico. But in meeting his burden to prove a reasonable hourly rate, Mr. Hunt's Affidavit and Marion Craig's supporting opinion largely consist of conclusory statements that $425 per hour is reasonable. Such lack of evidence of current market rates has led other courts to drop a prevailing party's requested hourly rate. *See Chavez v. Stomp*, Civ. No. 10-205, 2014 WL 12796784, at *11 (D.N.M. Feb. 27, 2014); *Martinez v. Carson*, No. 08-cv-1046, 2011 WL 13261992, at *4, (D.N.M. Aug. 11, 2011). Despite bearing the burden to prove his rate was reasonable, Mr. Hunt did not include a resume, evidence of what other clients paid for his services,

nor evidence of what other attorneys charge their clients for similar work. Furthermore, relevant case law—as well as the passage of time since their granting of attorneys' fees—suggest that the reasonable market rate for similarly skilled attorneys in Albuquerque clusters somewhere around $250 to $400 per hour. *See id.* at *3; *Chavez*, 2014 WL 12796784, at *4; *O Centro Espirita Beneficente Uniao Do Vegetal in US v. Duke*, 343 F.Supp.3d 1050, 1067 (D.N.M. 2018). Therefore, balancing the lack of evidence supporting a $425 per hour market rate with Mr. Hunt's strong reputation, the Court finds that $400 is a reasonable hourly rate for Mr. Hunt's services in the instant case.

### B. Randy Clark

Mr. Clark, counsel for David Sant, requests a market rate of $325 per hour (for a total of $11,510.91 including gross tax receipts). Doc. 23 at 1. In support, Mr. Clark states he has practiced continuously in New Mexico since 1995, has broad litigation experience "work[ing] in all levels" of state and federal courts, and usually charges a $350 hourly rate. In response, Defendants argue that Mr. Clark's itemized requests, just as Mr. Hunt's, consist of conclusory statements suggesting that a $325 hourly rate is reasonable. Such lack of evidence reflecting current market rates, Defendants argue, call for the reduced hourly rate of $200 per hour.

Acknowledging Mr. Clark's similarly strong reputation in the District, the Court agrees that Mr. Clark's itemized request lacks sufficient evidence to prove that $325 is an accurate market rate. As mentioned above, the same concern in *Chavez* and *Martinez* led those courts to cut the hourly rate requested by the prevailing parties. *See Chavez v. Stomp*, Civ. No. 10-205, 2014 WL 12796784, at *11 (D.N.M. Feb. 27, 2014) (finding that plaintiff's counsel failed to provide a resume or other indication of experience); *Martinez v. Carson*, No. 08-cv-1046, 2011 WL 13261992, at *4 (D.N.M. Aug. 11, 2011) (finding that the requested rate was not supported by

5

evidence in parties' briefing). Therefore, considering Mr. Clark's experience and quality of performance, the lack of evidence supporting a $325 per hour market rate as co-counsel, and what the market commands for this specific type of litigation, the Court finds that $275 is an appropriate hourly rate. *See Perdue*, 559 U.S. at 553–54; *Burch v. La Petite Academy, Inc.*, 10 Fed.Appx. 753, 755 (10th Cir. 2001).

### C. Jessica Thompson

Plaintiffs request an hourly rate of $160 per hour for Ms. Thompson, Mr. Hunt's associate attorney (for a total of $7,168.74 including gross tax receipts), Doc. 22 at 3, and Defendants concur: "Defendants do not contest the rate proposed for the work performed by Attorney Jessica Thompson and agree that her requested rate of $160 per hour is appropriate." Doc. 24 at 3. Accordingly, the Court finds that $160 is a reasonable hourly rate for Ms. Thompson. *See San Juan Regional Medical Center v. 21st Century Centennial*, Civ. No. 19-734, 2021 WL 1200675, at *5 (D.N.M. Feb. 2, 2021) (finding $175 to be a reasonable hourly rate for an associate attorney).

## II. Reasonable Number of Hours

Attorneys seeking fee awards are required to keep meticulous, contemporaneous time records and to demonstrate the reasonableness of each dollar and each hour claimed. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). The applicant must make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. 424, 434 (1983). Courts are encouraged to scrutinize hours billed "much as a senior partner in a private firm would review reports of subordinate attorneys when billing clients." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 711 (1987). A court's determination of whether hours are reasonable is "controlled by the overriding consideration of whether the attorney's hours were 'necessary'

under the circumstances." *Adams v. Goodyear Tire & Rubber Co.*, 2001 U.S. Dist. LEXIS 6343 (D. Kan. Apr. 24, 2001).

Courts may reduce requested hours for more specific reasons. For example, rather than attempt to identify each portion of each entry that possibly constitutes clerical work, the Court will simply reduce the number of hours claimed to remove claims for clerical and administrative tasks. *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011); *Ramos*, 713 F.2d at 553–54. Second, "[u]se of [block billing, a] rather imprecise practice," can be "strong evidence that a claimed amount of fees is excessive." *Flying J. Inc. v. Comdata Network, Inc.*, 322 Fed.Appx. 610, 617 (10th Cir. 2009). Thus, courts generally "reduce the number of hours billed when the attorneys use block billing because the Court is unable to determine the reasonableness of the specific tasks for which attorney's fees are sought." *Pierce v. Atl. Specialty Ins. Co.*, 2017 U.S. Dist. LEXIS 145641, at *8–*9 (D.N.M. Sept. 8, 2017).

At the outset, the Court notes that Plaintiffs request a total attorney fee request of $55,657.42 for their attorneys' services in handling a discreet procedural issue. While recognizing the litigations skills and positive reputations of Plaintiffs' attorneys, the Court considers the requested amount of $55,657.42 to be excessive, particularly when measured against existing case law. *Chavez v. Stomp*, Civ. No. 10-205, 2014 WL 12796784, at *11 (D.N.M. Feb. 27, 2014) (plaintiffs awarded a total of $42,483.90 in attorneys' fees for winning a civil rights case); *San Juan Regional Medical Center v. 21st Century Centennial*, Civ. No. 19-734, 2021 WL 1200675, at *6 (D.N.M. Feb. 2, 2021) (plaintiffs awarded $20,836.64 in attorneys' fees for remanding case to state court). The Court acknowledges that the district court in *Pierce v. Alt. Specialty Ins. Co.* this year awarded plaintiffs a total of $92,272.19 in attorneys' fees for remanding their case to state court. 2017 U.S. Dist. LEXIS 145641, at *17 (D.N.M. Sept. 8, 2017). However, the *Pierce* case

entailed much more attorney work, including an additional motion to reconsider, and the case involved many more parties.

### A. Tandy Hunt

Plaintiff Debi Sant requests compensation for a total of 47.1 hours for Mr. Hunt. Doc. 22 at 6. Upon review of his time records, Doc. 22 at 5–6, the Court finds many instances of block-billing. For example, Mr. Hunt recorded 3.7 hours on March 22, 2021 to:

> Review Notice of Removal (Complaint) by Liberty Mutual Insurance with attached exhibits #1-14. Consult with Jessica, review time of removal. Consult with Randy Clark, Eugenio Mathis and Robert Hanson.

Doc. 22 at 5. Because the block lumps together multiple different tasks and employs broad language, the Court has difficulty ascertaining the reasonableness of the time record as a whole. The Court notes that entry numbers 1, 44, 61, 65, 72, 85, and 88, Doc. 24, Exhibit 1-B, also toe the line of block-billing and, thus, reflect the excessiveness of Mr. Hunt's hours expended on remanding this case to state court. *See Flying J. Inc.*, 322 Fed.Appx. at 617.

Defendants also argue that many of Mr. Hunt's records are excessive, unnecessary, and duplicative. For example, Mr. Hunt billed two hours to prepare for and attend a seven-minute routine status conference with Judge Vidmar several months ago. Doc. 22 at 6. The Court agrees that this time record is excessive and duplicative. Defendants also point to the following entries as excessive or clerical in nature: No. 3 (0.5 hours preparing an email to defense counsel), No. 4 (0.25 hours sending a research request to associate), No. 49 (0.2 hours reviewing Clerk's Minutes from 7 minute status conference), No. 54 (1.0 hour reviewing routine Notice of Consent to Magistrate Judge), No. 61 (1.0 hour to review Defendant's Corporate Disclosure Statement), No. 70 (1.0 hour reviewing routine Notice of Judge Assignment). *See* Doc. 24, Exhibit 1-B. Reviewing the time records as if a "senior partner at a law firm," the Court finds that no reasonable client would pay for Mr. Hunt to perform these seemingly minor or administrative services.

For these reasons, the Court estimates that Mr. Hunt reasonably expended 25 hours working on this matter.

### B. Randy Clark

Plaintiff David Sant requests compensation for 32.7 hours for Mr. Clark's services. Defendants mainly object to Mr. Clark's time records as "unnecessary and duplicative of work performed by Mr. Hunt." Doc. 24 at 12. According to Defendants, only 13.6 of Mr. Clark's hours are reasonable when one accounts for Plaintiffs' "double-billing" practices. Doc. 24 at 13. The Court agrees that both Plaintiffs' alignment of interests and the cooperation among their attorneys would render Mr. Clark and Mr. Hunt's joint billing for precisely the same research and similar work unnecessarily duplicative. Mr. Clark did file a separate concurrence in relief requested (Doc. 12) and—according to his time records—helped with the Plaintiffs' primary motion to remand and their reply. However, were Plaintiffs not awarded attorneys' fees in this matter, they would likely baffle at the idea of paying Mr. Hunt, Ms. Thompson, and Mr. Clark the amount requested for essentially "recycling" each other's work product.

Therefore, the Court estimates that Mr. Clark reasonably expended 20 hours working on this matter.

### C. Jessica Thompson

Lastly, Plaintiff Debi Sant requests a total of 47.95 hours for Ms. Thompson's services. Similar to Mr. Hunt's time records, Defendants claim that Ms. Thompson used "block billing" to record the following entries: Nos. 2, 21, 24, 29, 42, 45, 55, 55, 73, 77, 86, and 89. Doc. 24, Exhibit B-1. The Court agrees that Ms. Thompson's entries—similar to Mr. Hunt's—are overly vague and clump together multiple tasks for prolonged periods of time, as opposed to enunciating time per specific task. The Court, therefore, views this as "strong evidence that [the] claimed amount of

fees is excessive." *Flying J. Inc. v. Comdata Network, Inc.*, 322 Fed.Appx. 610, 617 (10th Cir. 2009). Accordingly, the Court estimates that Ms. Thompson reasonably spent 30 hours working on this matter.

### III.    Outside Experts: Robert Hanson & Eugenio Mathis

Plaintiffs request a combined total of $15,392.30[2] for the work performed by outside counsel, Robert Hanson and Eugenio Mathis. Doc. 22 at 3. In support are two affidavits from Marion Craig, Doc. 22 at 15–16, and Marc Grano, Doc. 22 at 17–18, suggesting that Hanson's and Mathis' rates are reasonable. Defendants argue that they should not have to pay for such costs, because they are unnecessary, duplicative, and excessive. Doc. 24 at 7.

Remanding this federal suit to state court was not particularly complicated. The parties did not engage in discovery, nor were they required to tackle a complex issue such as whether there was a federal question involved that would support subject matter jurisdiction. Instead, with diversity of citizenship of the parties established, the sole question concerning whether this Court had subject matter jurisdiction revolved around the single issue of timeliness of removal, which was determined based on the procedural history of this case. The bulk of Plaintiffs' efforts involved submitting a Motion to Remand to State Court (Doc. 6), a concurrence in relief requested (Doc. 12), and a reply (Doc. 17). Considering Mr. Hunt's and Mr. Clark's combined experience of over 75 years practicing law in the District plus their excellent reputations as lawyers, there was simply no need to employ or consult with outside experts Robert Hanson and Eugenio Mathis. Moreover, the combined hourly rates of Mr. Hunt, Mr. Clark, Ms. Thompson, Mr. Hanson and Mr. Mathis exceed $1,500 per hour and that is just way excessive considering what was involved in successfully prosecuting Plaintiffs' Motion to have this case remanded to state court. Therefore,

---

[2] Plaintiffs request an hourly rate of $425 and $400 for Mr. Hanson and Mr. Mathis, respectively.

10

the Court concludes that no reasonable client would pay for the additional services of Mr. Hanson and Mr. Mathis in seeking remand of this case, given the reputations of Mr. Hunt, Mr. Clark and Ms. Thompson and their experience in the legal community—and the straight-forward nature of the issue at hand. Accordingly, the attorney fees requested for Mr. Hanson and Mr. Mathis are unnecessary, duplicative, and excessive and the requested amount of $15,392.30 attributable to Mr. Hanson and Mr. Mathis shall not be awarded.

## IV.     Expenses and Costs

Plaintiffs do not request any other costs other than reasonable attorneys' fees. Doc. 22 at 3; Doc 23 at 2. Therefore, this analysis is confined to the reasonable rates and reasonable hours expended by Mr. Hunt, Mr. Clark and Ms. Thompson.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Plaintiffs are hereby awarded reasonable attorneys' fees in the following amounts:

- Tandy Hunt: $10,000 ($400 per hour times 25 hours) plus $783.30 ($10,000 times Chaves County tax rate of 7.833%) = **$10,783.30**

- Randy Clark: $5,500 ($275 per hour times 20 hours) plus $457.19 ($5,500 times Dona Ana County tax rate of 8.3125%) = **$5,957.19**

- Jessica Thompson: $4,800 ($160 per hour times 30 hours) plus $375.98 ($4,800 times Chaves County tax rate of 7.833%) = **$5,175.98**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE